# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAKE CHARLES DIVISION

| | | |
|---|---|---|
| YUSUFU TOURE | : | DOCKET NO. 2:06-cv-1339<br>Section P |
| VS. | : | JUDGE MINALDI |
| IMMIGRATION & CUSTOMS<br>ENFORCEMENT, ET AL. | : | MAGISTRATE JUDGE WILSON |

## REPORT AND RECOMMENDATION

Currently before the court is a "Motion to Dismiss" [doc. 19] filed on behalf of the respondents in the above-captioned *habeas corpus* matter. This matter has been referred to the undersigned magistrate judge for review, report, and recommendation in accordance with 28 U.S.C. §636(b)(1)(B).

A petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 was filed by *pro se* petitioner, Yusufu Toure, on August 4, 2006 challenging his continued detention in post-removal-order custody. Based upon the allegations in the petition, the court ordered the respondent to answer the petition. Following the filing of the answer, the court determined that an evidentiary hearing was necessary for the adjudication of this habeas corpus petition. The evidentiary hearing was set for the purpose of hearing evidence on whether there is a significant likelihood of removing petitioner in the reasonably foreseeable future.

Prior to the hearing date, the respondent filed the "Motion to Dismiss" which is currently before the court. In support of this motion, the respondent submitted documentation which establishes that the petitioner was released from post-removal-order detention to an Order of Supervision on November 13, 2006. *See* Doc. 19, Exhibit 1. In light of this evidence, the undersigned upset the hearing. No opposition to the Motion to Dismiss has been filed on behalf of

the petitioner, and all delays have now run.

At the time that this petition was filed, Petitioner was in detention pursuant to the statutory authority of § 241 of the INA, and he sought to have the court review his post-removal-order detention. However, because the petitioner is no longer in custody, his challenge to his post-removal-order detention is now moot and should be dismissed.

For this reason,

IT IS RECOMMENDED that the "Motion to Dismiss" [doc. 19] be GRANTED and that this petition be DENIED AND DISMISSED WITH PREJUDICE as moot.

Under the provisions of 28 U.S.C. §636(b)(1)(C), the parties have ten (10) business days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING ON APPEAL, EXCEPT UPON GROUNDS OF PLAIN ERROR, THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT.**

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, January 4, 2007.

ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE